IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:   JAMES LEE LOVE, and         Case No. 15-34977-KRH
         MARCIEL LOVE,               Chapter 7

         Debtors.

### MEMORANDUM OPINION

Before the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") is the *Motion for Allowance of Debtor's [sic] Exemption Request and Chapter 7 Trustee Abandonment of Proceeds* [ECF No. 56] (the "Motion to Compel") filed by James Lee Love and Marciel Love ("Mrs. Love" and together with James Lee Love, the "Debtors"). For the reasons set forth below, the Court holds that the personal injury claim of Mrs. Love is not property of the Debtors' bankruptcy estate and denies the Motion to Compel.[1]

The Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

The Debtors commenced this bankruptcy case by filing a voluntary, joint petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") on September 25, 2015 (the "Petition Date"). Almost two years after the Petition Date, Mrs. Love was involved in an automobile accident.[2] Two months later, on August 26, 2017 (the "Conversion Date"), the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law construed as findings of fact when appropriate. Fed. R. Bankr. P. 7052; Fed. R. Bankr. P. 9014(c).

[2] Mot. Compel ¶ 2; Tr.'s Obj. Debtors Exemption ¶ 3, ECF No. 54.

1

Debtors voluntarily converted their chapter 13 case to one under chapter 7 of the Bankruptcy Code.[3] The Debtors received a discharge on January 25, 2018,[4] and the case was closed on January 29, 2018. During the pendency of their bankruptcy case, the Debtors never amended their schedules to disclose any personal injury claim arising out of Mrs. Love's automobile accident (the "Personal Injury Claim").

Mrs. Love was able to negotiate a settlement of her Personal Injury Claim with "[t]he defendant insurance company."[5] Thereafter, on November 13, 2018, the Debtors filed a *Motion to Reopen Chapter 7* [ECF No. 44] (the "Motion to Reopen"). The Debtors wanted to reopen their bankruptcy case in order to "amend [their] schedules and exempt" the Personal Injury Claim.[6] The Court granted the Motion to Reopen at a hearing on December 19, 2018.[7] Bruce E. Robinson, who had previously served as the chapter 7 trustee, was reappointed trustee by the Office of the U.S. Trustee in the reopened bankruptcy case (the "Chapter 7 Trustee").[8] On April 9, 2019, the Debtors filed amended Schedules A/B and C, disclosing for the first time the liquidated $20,000.00 Personal Injury Claim.[9] The Debtors claimed all the settlement proceeds from the Personal Injury Claim as exempt under section 34-28.1 of the Virginia Code.[10]

---

[3] Order Conversion Chap. 13 to Chap. 7, ECF No. 28.

[4] Discharge, ECF No. 42.

[5] Mot. Compel ¶¶ 3-4.

[6] Mot. Reopen ¶ 7.

[7] *See* Order Granting Mot. Re-open, ECF No. 49.

[8] *See* Appointment Interim Tr. & Designation Required Bond, ECF No. 51.

[9] Official Form 106A/B pt. 34, ECF No. 52; Official Form 106C pt. 2, ECF No. 52. The Debtors subsequently amended their schedules to clarify that the $20,000.00 settlement would be paid by "Progressive Insurance Co." in connection with the case of "Marciel Love vs. Daniel Lastovica." Official Form 106A/B pt. 34, ECF No. 53.

[10] The Commonwealth of Virginia opted out of the federal bankruptcy exemptions pursuant to section 522(b) of the Bankruptcy Code and, as such, "residents of Virginia filing bankruptcy petitions may claim only those exemptions allowable under state law and general (nonbankruptcy) federal law." *In re Crump*, No. 06-33410-KRH, 2007 WL

2

On April 29, 2019, the Chapter 7 Trustee filed the *Trustee's Objection to Debtors [sic] Exemption of Personal Injury Claim* [ECF No. 54] (the "Objection to Exemption"), contending that "[u]pon the reopening of the case to list the personal injury claim, it became property of the bankruptcy estate, [and the Personal Injury Claim could] only be asserted by the trustee unless abandoned by the trustee."[11] The Chapter 7 Trustee asked the Court to deny the Debtors' claim of exemption because "the personal injury claim [had not been disclosed] at the time of conversion."[12] The Debtors filed a response to the Chapter 7 Trustee's objection to their claimed exemptions on May 7, 2019,[13] and subsequently filed the Motion to Compel on May 31, 2019.[14] The Motion to Compel asked the Court to "force the Trustee to abandon debtor's personal injury proceeds and allow [the] personal injury exemption of $20,000.00."[15] The Court conducted a hearing on the Motion to Compel on June 5, 2019.

Both the Debtors' Motion to Compel and the Chapter 7 Trustee's Objection to Exemption assume that Mrs. Love's post-Petition Date, pre-Conversion Date Personal Injury Claim constitutes property of the Debtors' bankruptcy estate. A debtor may convert a chapter 13 case "to a case under chapter 7 of this title at any time." 11 U.S.C. § 1307(a). Once a chapter 13 case is converted to chapter 7, "property of the estate in the converted case [consists] of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control

---

1029325, at *1 n.1 (Bankr. E.D. Va. Apr. 3, 2007) (citing *In re Potter*, 274 B.R. 224 (Bankr. E.D. Va. 2002)); *see also In re Strickland*, No. 09-32718-KRH, 2010 WL 1332657, at *1 n.1 (Bankr. E.D. Va. Mar. 30, 2010).

[11] Obj. Exemption ¶ 4.

[12] *Id.*

[13] Resp. Tr. Obj. Debtor's [sic] Exemption, ECF No. 55.

[14] Mot. Compel, ECF No. 56.

[15] *Id.*

of the debtor on the date of conversion."[16] *Id.* § 348(f)(1)(A). "Absent a bad-faith conversion,[17] § 348(f) [of the Bankruptcy Code] limits a converted Chapter 7 estate to property belonging to the debtor 'as of the date' the original Chapter 13 petition was filed." *Harris v. Viegelahn*, 135 S. Ct. 1829, 1837 (2015). Under section 348(f)(1)(A), as Mrs. Love's Personal Injury Claim arose from an automobile accident that occurred after the Petition Date, "it is not possible to find that the claims at issue here were ever part of the Chapter 7 estate." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 640 (E.D. Va. 2016). Section 341(f)(1)(A) of the Bankruptcy Code clearly dictates that such "post-petition claim . . . was not property of the estate for purposes of [the] Chapter 7 bankruptcy." *Id.* (alteration in original) (quoting *Sherman v. Wal–Mart Assocs., Inc.*, 550 B.R. 105, 109 (N.D. Tex. 2016)) (citing *Garcimonde-Fisher v. Area203 Mktg., LLC*, 105 F. Supp. 3d 825, 835 (E.D. Tenn. 2015); *Smith v. Scales Express, Inc.*, Civil No. 05-331-BH-B, 2006 WL 2190575 (S.D. Ala. Aug. 2, 2006)).

By the Motion to Compel, the Debtors request that the Court order the Chapter 7 Trustee to "abandon debtor's personal injury proceeds and allow [the] personal injury exemption of $20,000.00." Mot. Compel 1. The Chapter 7 Trustee is simply not able to abandon property that is not part of the Debtors' bankruptcy estate.[18] *See* 11 U.S.C. § 554(b) ("On request of a party in

---

[16] "Property of the estate" is generally defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In voluntary cases, the "commencement of the case" is the petition date. *Id.* § 301(a). Thus, section 348(f) of the Bankruptcy Code serves to clarify that while property and earnings acquired after the bankruptcy is filed may constitute property of the estate in the initial chapter 13 bankruptcy case, *see id.* § 1306(a), such after-acquired property is not property of the estate upon conversion to chapter 7.

[17] Section 348(f)(2) defines property of the estate differently if a debtor has converted a chapter 13 case "in bad faith." 11 U.S.C. § 348(f)(2). As no party has alleged the Debtors sought a conversion in bad faith, the Court need not consider this "bad faith exception." *See Farmer v. Taco Bell Corp.*, 242 B.R. 435, 439 (W.D. Tenn. 1999) (referring to § 348(f)(2) as a "bad faith exception").

[18] As a corollary, the Chapter 7 Trustee may only administer property of the estate. *See* 11 U.S.C. § 704(a)(1). As Mrs. Love's Personal Injury Claim is not property of the estate, the Chapter 7 Trustee may not administer it.

interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate . . . ."). Accordingly, the Motion to Compel must be denied.

The Chapter 7 Trustee seeks an order denying the Debtors' claimed exemption in the Personal Injury Claim. "[A]n individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." *Id.* § 522(b)(1). As the Personal Injury Claim is not property of the estate, it need not be exempted. Accordingly, the Objection to Exemption must be overruled.

The Court concludes that the Personal Injury Claim, acquired by Mrs. Love after the Petition Date but prior to the Conversion Date, is not property of the Debtors' bankruptcy estate under section 348(f)(1)(A) of the Bankruptcy Code. Because the Personal Injury Claim is not property of the estate, the Debtors need not not exempt it. Nor, for the same reason, may the Chapter 7 Trustee administer it. There is nothing for the Chapter 7 Trustee to abandon. The Debtor is entitled to the full amount of the settlement proceeds realized from the Personal Injury Claim.

A separate Order shall issue.

DATED:     June 10, 2019

                                               /s/ Kevin R. Huennekens
                                    UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  June 10, 2019